UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

        Plaintiff,

  v.                                    Case No. 09-C-75

RICK RAEMISCH, et al.,

        Defendants.

## ORDER

*Pro se* plaintiff Jackie Carter has filed three actions in this Court seeking relief for alleged violations of his constitutional rights. In the above-captioned action he has moved to proceed *in forma pauperis* and has submitted his initial partial filing fee. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's complaint alleges that Wisconsin prisons are overcrowded and that prisoners are sent to solitary confinement even when they have done nothing wrong. He seeks an injunction ordering the release from solitary of all inmates who don't belong there. Although he states that he has suffered himself because of this system, his complaint alleges claims more generally on behalf of all inmates.

Prisons are given wide latitude in managing their inmate populations. Inmates generally have no liberty interest in particular level or kind of imprisonment: states may transfer inmates

2

between prisons and into discretionary segregation without triggering due process protections. *Lekas v. Briley,* 405 F.3d 602, 610 (7th Cir. 2005). Due process is only implicated when the deprivation results in an "atypical and significant hardship," and according to the complaint the conditions of confinement are system-wide and thus the antithesis of atypical. Accordingly, there is no valid due process claim alleged.

Nor is there any valid Eighth Amendment claim. The Plaintiff has attached to his complaint a drawing of his cell, which shows that he has full access to a toilet, bed, sink, etc. That is what prison is: a small, locked room with life's basic necessities. The fact that he is in solitary confinement does not, on its own, amount to cruel and unusual punishment. Accordingly, the complaint is **DISMISSED**.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   3rd   day of March, 2009.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge